UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ROSA MARIA BRIONES, § | |
| Movant, § | |
| § | |
| v. § | Civil Action No. B-14-84 |
| § | Criminal Action No. B-12-79-5 |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

### MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

The Court is in receipt of Rosa Maria Briones's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereinafter, Briones's "Motion" or "§ 2255 Motion"). Dkt. No. 1. Respondent, United States of America, has filed a Response, Motion to Dismiss, and Motion for Summary Judgment (hereinafter, the "Government's Motion" or the "Government's Motion for Summary Judgment"). Dkt. No. 9. It is recommended that Briones's § 2255 Motion be dismissed with prejudice. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

### I. Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 2255.

### II. Background and Procedural History

On July 31, 2012, Briones entered into a written plea agreement with the Government, agreeing to plead guilty to criminal conduct charged by a grand jury in

a three-count indictment.  *See United States of America v. Rosa Maria Briones*, No. 1:12-CR-00079-5, Dkt. No. 136 at 1, 9.[1]  Specifically, she agreed to plead guilty to being in possession with intent to distribute a quantity more than five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2.  *Id.*  On July 31, 2012, she pleaded guilty in this District Court.  CR Dkt. No. 257 at 24-25, 30.  The District Court accepted her guilty plea.  *Id.* at 31.

On May 15, 2013, the District Court sentenced Briones to (1) 112 months of imprisonment; (2) five years of supervised release with special conditions; (3) 200 hours of community service; and, (4) a $100.00 special assessment.  CR Dkt. No. 260 at 37.  Judgment was entered on May 21, 2013.  CR Dkt. No. 215 at 1.  Briones did not file a direct appeal.  Dkt. No. 1 at 2.

On May 14, 2014, Briones filed her instant timely § 2255 Motion and supporting Memorandum.  Dkt. No. 1 at 11;[2] Dkt. No. 2.  Her Motion and Memorandum assert two claims for relief based on the alleged ineffectiveness of her counsel and one claim of alleged trial court error.  Dkt. No. 1 at 4, 5, 7; Dkt. No. 2 at 4-6.  The Government filed its Motion for Summary Judgment on July 21, 2014.  Dkt. No. 9.  In its Motion for Summary Judgment, the Government argues that

---

[1] Hereinafter, Briones's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

[2] Briones states that she placed her Motion in the prison mailing system on May 14, 2014. Dkt. No. 1 at 11.  The Court will consider her Motion filed on that date.  *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).

Briones waived the right to bring her instant claims when she signed her plea agreement; and that, even if this were not the case, her claims are subject to dismissal because they lack merit. *Id.* at 15-30.

### III. Legal Standards

**A.     28 U.S.C. § 2255.**  Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude.  *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).  If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

**B.     The Right to Effective Assistance of Counsel.**  The "Sixth Amendment guarantees a[ll] defendant[s] the right to have counsel present at all 'critical' stages of the criminal proceedings" instituted against them.  *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399, 1405 (2012) (citing *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009)).  Critical stages include not only trial, but also pretrial proceedings — including the plea-bargaining process.  *Laffler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376, 1384 (2012); *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010);

*Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing is also constitutionally impermissible. *Laffler*, 132 S.Ct. 1376, 1385-1386. The constitutional standard for determining whether a criminal defendant has been denied effective assistance of counsel at any of the critical stages mentioned above was announced by the Supreme Court in *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. 668, 687 (1984).

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994). A convicted defendant carries the burden of proof and must overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 230

(5th Cir. 2000); *Green v. Johnson*, 160 F.3d 1029, 1036 n.1 (5th Cir. 1998); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

In reviewing counsel's performance, the Court must be "highly deferential," making every effort "to eliminate the distorting effects of hindsight," and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution. *Id*. In order to establish that he sustained prejudice, the convicted defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Williams*, 529 U.S. at 391; *Strickland*, 466 U.S. at 694.

The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Williams*, 529 U.S. at 393 n. 17; *Strickland*, 466 U.S. at 692.

Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or actual prejudice under that test will ordinarily make it unnecessary to examine the other prong. *See Strickland*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997);

*United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994). Therefore, failure to establish that counsel's alleged performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987). It is also generally unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice. *See Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992); *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986).

## IV. Discussion

Briones's § 2255 Motion asserts the following three claims for relief (1) her Sixth Amendment rights were violated when her counsel failed to present mitigating evidence that could have acquired her a different outcome at sentencing; (2) her counsel was ineffective because he failed to investigate key elements of her case; and, (3) her Sixth Amendment rights were violated "when the judge sentenced her to a fact that increased the penalty for a crime that is an 'element' that should have been submitted to jury." Dkt. No. 1 at 4, 5, 7.

In support of the first claim, Briones states that her counsel was ineffective because he failed to tell the Court that she was not the only culpable party in her case. She contends that, if her counsel had informed the Court that "there were other parties as culpable as she was[,]" she could have received a more favorable sentence. Dkt. No. 2 at 4. Briones asserts that she had a right to be sentenced with accurate information, and suggests that her counsel's failure to present this

mitigating evidence violated that right. *Id.* She does not otherwise elaborate on this claim.

In support of her second claim, Briones contends that her counsel failed to investigate key elements of her case and that, as a result, she was convicted and sentenced based upon misinformation. Dkt. No. 2 at 5. She states that her counsel was representing many other defendants along with herself and suggests that this resulted in his giving her case insufficient attention. She claims that her counsel was unprepared, did not know the law with respect to sentencing, and failed to object to information contained in her presentence investigation report. *Id.* Briones does not identify the information she believes was objectionable or improperly used against her. She does not present any additional facts, or otherwise elaborate upon her second claim.

In her final claim, Briones contends that the Court sentenced her in error. Dkt. No. 1 at 7; Dkt. No. 2 at 5-6. She indicates that the Court improperly found her guilty of a fact that increased the mandatory minimum sentence applicable to her. She states that this fact was an element of a crime that should have been presented to a jury. Alternatively, she claims the Court should have given her the opportunity to plead guilty to this element, but that this never occurred. *Id.* She argues that the Court's alleged error here violated her due process rights, and states that the Supreme Court's decision in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), supports her claim to relief. Dkt. No. 2 at 5 ("On June 17, 2013, the United States Supreme Court announced that it was wrong in *Harris v. United States*, 536 U.S. 545, 71 CrL 375 (2002), and it extended the

Sixth Amendment right to a jury trial to the facts that trigger or increase mandatory minimum sentences.") (citing *Alleyne v. United States*) (errors in original). Briones does not identify the alleged fact that increased the mandatory minimum sentence applicable to her, or otherwise elaborate on this claim.

The Government contends that Briones waived her right to assert all of these claims when she signed her plea agreement. Dkt. No. 9 at 15-19. The Government is correct. Briones's plea agreement contains the following waiver provision:

> Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined **on any grounds set forth in Title 18 U.S.C. § 3742**. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding, **including but not limited to Title 28, U.S.C. § 2255**. If the defendant files a notice of appeal following the imposition of sentence, the government will seek specific performance of this provision.

CR Dkt. No. 136 at 4-5, ¶ 11 (emphasis in original).

Provided a waiver is knowing and voluntary, a criminal defendant may waive her appellate and collateral review rights. *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002); *see also United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005) (waiver enforceable when knowing and voluntary). An "informed and voluntary waiver of the right to file a 28 U.S.C. § 2255 motion will be enforced." *White*, 307 F.3d at 341 (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)). A waiver is enforceable against ineffective assistance of counsel claims unless the claimed ineffective assistance directly affected the validity or voluntariness of the waiver or of the plea itself. *Id.* at 343.

Here, the record makes clear that Briones entered a knowing, voluntary guilty plea. During her rearraignment, Briones acknowledged that she was pleading guilty voluntarily. CR Dkt. No. 257 at 9-10. The Court asked her if the signature on the plea agreement was hers and she answered affirmatively. *Id.* at 10. Briones acknowledged that she had discussed the plea agreement with her attorney. She stated that any questions she might have had about the plea agreement had been answered by her attorney and understood by her. *Id.* at 10-11. She admitted that, in return for pleading guilty and waiving certain appellate rights, the Government had agreed to (1) dismiss the remaining counts on her indictment; and, (2) recommend that she be sentenced to the low end of the advisory sentencing guideline level applicable to her. *Id.* at 11-13.

The Court informed Briones that it was not required to follow the Government's recommendations, and she stated that she understood. CR Dkt. No. 257 at 13. The Court informed her that the guideline range applicable to her could end up being different from what she had discussed with her attorney, and that by having accepted the plea agreement she would be losing her right to appeal and collaterally attack all or part of her sentence. *Id.* at 17, 22-23. Briones stated that she understood this before pleading guilty. *Id.* at 17, 23. The Court then found her guilty, and stated that her guilty plea was knowing and voluntary. *Id.* at 31.

Briones has alleged no facts indicating that her guilty plea was unknowing or involuntary. Her claims do not involve, nor do they purport to involve, any allegations concerning the validity of her plea or waiver. Dkt. No. 1 at 4-7; Dkt. No. 2 at 3-7. Accordingly, all of her claims are waived and should be dismissed.

In the alternative, Briones's claims should be dismissed for lack of merit. The Court has fully summarized Briones's claims above. As that summary makes clear, Briones makes assertions of trial court error and ineffective assistance of counsel, but she has not supported her assertions with facts sufficient to support her claims. Her claims are conclusory, in addition to being unsupported by the record and the relevant law. Finally, although Briones relies upon *Alleyne v. United States,* she has failed to allege facts showing an entitlement to relief under *Alleyene.* Even if the Court were to presume, for the sake of argument, that Briones has not waived her claim of alleged trial court error, her reliance on *Allyene* would still be misplaced.

The Court entered Briones's judgment of conviction and sentence on May 21, 2013. CR Dkt. No. 215 at 1. The Supreme Court decided *Alleyne* on June 17, 2013. *Alleyne*, 133 S.Ct. 2151. In brief, the Supreme Court held that "any fact that increases a defendant's mandatory minimum sentence must be submitted to the jury and proved beyond a reasonable doubt." *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (citing *Alleyne*, 133 S.Ct. 2151, at 2163). However, the Supreme Court did not hold that *Alleyne* applies retroactively on collateral review. *Id*. The Fifth Circuit has since made clear that *Alleyene* does not apply retroactively. *United States v. Olvera*, 775 F.3d 726, 730 (5th Cir. 2015) ("We reiterate that *Alleyne* does not apply retroactively."). Accordingly, even if Briones had demonstrated that *Alleyne* was factually applicable to her case (which she has not), *Alleyene* would still be legally inapplicable to her case because it does not apply retroactively. For all the foregoing reasons, Briones's § 2255 Motion should be dismissed.

## V. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Briones has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

It is recommended that Briones's § 2255 Motion be dismissed with prejudice. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## VII.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 30th day of July, 2015.

**Ignacio Torteya, III**
**United States Magistrate Judge**